IN THE CIRCUIT COURT IN AND FOR THE
SEVENTH JUDICIAL CIRCUIT IN VOLUSIA
COUNTY, FLORIDA

CASE NO:

LINDA CONSTAS,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC., d/b/a
THE HOME DEPOT,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, LINDA CONSTAS, by and through the undersigned attorneys, hereby sues Defendant **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT**, and as grounds therefore states:

1.   This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's

1

claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Volusia County, Florida.

3. At all times material to this action, **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT**, is a corporation licensed to do business and operating in the State of Florida.

4. At all times material hereto, **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT** owned, possessed, controlled, maintained, and was responsible for that certain business and premises located at 2300 Veterans Memorial Parkway, Orange City, Florida, 32763, said business being that of a retail store known as "THE HOME DEPOT," open to the general public, including the Plaintiff herein.

5. On or about May 7, 2020, Plaintiff was a business invitee, visiting Defendant's HOME DEPOT store premises located at the above address and was shopping in the garden center.

6. At said time and place, Plaintiff was a business invitee at the **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT**, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

7. At said time and place, Defendant, **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT**, vicariously through its employees, agents or representatives, breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain its walkway/aisle in the garden section, thus creating a hazardous condition to members of the public utilizing said

walkway/aisle in the garden section to walk, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the walkway/aisle in the garden section, as specified above, to ascertain whether an obscure post or pole sticking out from a table into the walkway/aisle constituted a hazard to patrons utilizing said walkway, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the obscure post or pole sticking out from a table into the walkway/aisle, when Defendant knew or through the exercise of reasonable care should have known that said walkway/aisle in the garden section was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition walkway/aisle in the garden section, *i.e.* the obscure post or pole sticking out from a table into the walkway/aisle, on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

8. At all times material hereto and as a result of Defendant's negligence, while Plaintiff was visiting Defendant's business, she tripped and fell on an obscure post or pole sticking out from a table into the walkway/aisle in the garden section of Defendant's premises, sustaining grievous injuries as set forth.

9.      As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LINDA CONSTAS, sues the Defendant, **HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT**, for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, including pre-judgment interest and post-judgment interest as allowed under Florida law, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 20th day of October, 2020

/s/ *Adam Clark*
Adam G. Clark, Esquire
Morgan & Morgan, P.A.
444 Seabreeze Boulevard
Suite 100
Daytona Beach, FL 32118
Tele: (386)281-4770
Fax: (386)281-4795
Florida Bar No.: 121493
Primary Email: adamclark@forthepeople.com
Secondary Email: kgreene@forthepeople.com
Attorneys for Plaintiff

4